U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2009 JAN -6 PM 2: 37

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 08-213 |
| CANDACE WILSON, ET AL | SECTION "S" |

### ORDER AND REASONS

The motion to sever (Doc. #80) by Dr. Joseph Braud, and the motion to dismiss Count One as duplicitous (Doc. #82) by Dr. Braud are **DENIED**.

### BACKGROUND

The underlying seventeen count indictment names eight individuals, including Joseph Braud, MD, with committing various offenses in connection with pain management clinics in New Orleans, Lafayette, and Baton Rouge, Louisiana. Count One, entitled "Conspiracy to Illegally Distribute and Dispense Controlled Substances," is the only count against Dr. Braud, and alleges in part, that Dr. Braud signed illegally dispensation orders and prescriptions for Schedule II, III and IV controlled substances and other drugs for pain management, in violation of 21 U.S.C. §841(a) and 846,[1] and that the other defendants were involved in the conspiracy through other acts.

Dr. Braud asserts that he was improperly joined with the other defendants under Federal Rule of Criminal Procedure 8(b), and alternatively, that severance should be granted under Federal Rule of Criminal Procedure 14(a). Dr. Braud asserts that the charges in Count One concern complex

---

[1] 21 U.S.C. 841(a) provides that "[e]xcept as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance.... 21 U.S.C. 846 states that "[a]ny person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy."

medical issues, and that"[e]ven if joinder were appropriate under Rule 8, Dr. Braud would be prejudiced if he had to stand trial with individuals charged with unrelated acts of street-level drug dealing, health care fraud and money laundering." Dr. Braud argues that Counts Two through Seventeen do not concern Dr. Braud and are totally unrelated to the count against Dr. Braud.

Dr. Braud further moves to dismiss Count One as duplicitous, arguing that although Count One charges all eight defendants with conspiracy to illegally distribute and dispense controlled substances, the count actually charges two different conspiracies: one in which controlled substances were allegedly prescribed without medical justification, and another in which controlled substances were allegedly distributed without the involvement of a physician, which does not involve Dr. Braud.

## ANALYSIS

### 1. Motion to Sever

Federal Rule of Criminal Procedure 8(b) which governs the joinder of multiple defendants in a single indictment, states:

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Federal Rule of Criminal Procedure 14(a) provides that if the joinder of offenses or defendants "appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials or proceed with any other relief that justice requires." The Supreme Court has noted:

> There is a preference in the federal system for joint trials of defendants who are indicted together. Joint trials "play a vital role in the criminal justice system." They promote efficiency and "serve the

interests of justice by avoiding the scandal and inequity of inconsistent verdicts." For these reasons, we have repeatedly approved of joint trials. But Rule 14 recognizes that joinder, even when proper under Rule 8(b), may prejudice either a defendant or the Government.

...

We believe that, when defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt of innocence.[2]

The Court also noted that "[w]hen the risk of prejudice is high, a district court is more likely to determine that separate trials are necessary, but ... less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice."[3] The test for severance is "whether the jury could sort out the evidence reasonably and view each defendant and the evidence relating to that defendant separately."[4]

In this case, Dr. Braud is alleged in Count One to have conspired with the other defendants in the organization and management of pain management clinics where Dr. Braud signed illegally dispensation orders and prescriptions for controlled substances and other drugs for pain management. The inclusion of Dr. Braud in Count One is appropriate as the defendants are alleged to have participated in the same act or transaction, or in the same series of acts of transactions, constituting the offense or offenses under 21 U.S.C. §841(a) and 846. Dr. Braud was properly charged in the

---

[2]*Zafiro v. United States*, 506 US 534, 539 (1993).

[3]*Zafiro*, 506 US at 539.

[4]*United States v. Rocha*, 916 F.2d 219, 228-29 (5th Cir. 1990), *cert. denied*, 500 U.S. 934 (1991)(district court properly denied severance with court noting that district court's explicit jury instructions were sufficient to enable the jury to compartmentalize the evidence and prevent spillover from tainting another defendant's case).

same indictment as the other defendants.[5]

Further, applying the above standards, the court finds that Count One should not be severed from the other counts, and denies defendant's motion to sever. The jury can sort out the evidence and view these counts as pertaining only to defendant Joseph Braud, MD. The court will give a limiting instruction.

## 2. Motion to Dismiss

"Duplicity is the joining in a single count of two or more distinct and separate offenses."[6] The Fifth Circuit has held that:

> To determine whether misjoinder occurred, we consider whether the indictment's allegations, taken as true, establish a single conspiracy or several. In so doing, we consider whether the alleged facts reveal a "substantial identity of facts or participants" sufficient to meet the requirements of Rule 8(b).
> ...
>
> That the indictment did not charge appellants with active participation in each phase of the conspiracy does not effect misjoinder. Nor need the indictment have charged that appellants knew all the participants or details of the conspiracy, so long as it is alleged their knowledge of the conspiracy's essential nature.[7]

The Fifth Circuit looks at the following elements to distinguish between a single conspiracy or multiple conspiracies: 1) the time period involved, 2) the persons acting as co-conspirators; 3) the statutory offenses charged in the indictment; 4) the nature and scope of the criminal activity; and 5)

---

[5]*See United States v. Moser*, 123 F.3d 813, 828 (5th Cir. ("Under Rule 8(b) ..., the initial joinder of the appellants for trial was legitimate because they were charged with having conspired with each other"), *cert. denied*, 522 U.S. 1035 (1997).

[6]*United State v. Acosta*, 763 F.2d 671, 696 (5th Cir.), *cert. denied*, 474 U.S. 863 (1985).

[7]*United States v. Metz*, 608 F.2d 147, 153 (5th Cir.), *cert. denied*, 449 U.S. 821 (1980); *Acosta*, 763 F.2d at 696.

the places where the events alleged as the conspiracy took place.[8]

Dr. Braud argues that Count One impermissibly blends two different conspiracies into one overarching conspiracy, and that Count One actually describes two separate conspiracies, a conspiracy to dispense illegally and a conspiracy to prescribe illegally controlled substances; i.e., writing unnecessary prescriptions and selling drugs.

Taken the allegations of the indictment as true, the government has alleged a single conspiracy in Count One, the conspiracy to violate 21 U.S.C. 841(a)(1). "If the totality of the evidence is adequate to demonstrate that all of the alleged co-conspirators directed their efforts towards the accomplishment of a single goal or common purpose, the existence of a single conspiracy may be found."[9] The Fifth Circuit has noted that personal gain from selling drugs is a common goal.[10]

Count One alleges that "[b]eginning at a time unknown, but prior to January 2003 and continuing to on or about the date of this indictment," varying combinations of the defendants conspired at various times during this period. Further, because of the substantial overlap in the crimes charged and the defendants charged with committing each crime, Count One properly charged one conspiracy and is not duplicitous. Defendant's motion to dismiss is **DENIED**.

---

[8]*United States v. Lokey*, 945 F.2d 825, 833 (5th Cir. 1991)(*citing United Sates v. Devine*, 934 F.2d 1325, 1333 (5th Cir. 1991)).

[9]*United State v. Richerson*, 833 F.2d 1147, 1153 (5th Cir. 1987).

[10]*See United States v. Morris*, 46 F.3d 410, 415 (5th Cir. 1995) ("common goal of everyone involved, the suppliers, [the cocaine distributor] and the purchasers, was to derive personal gain from the illicit business of buying and selling cocaine.'). *See also United States v. Payne*, 99 F.3d 1273, 1280 (5th Cir. 1996)(finding participants had common goal of selling crack).

New Orleans, Louisiana, this 6 day of January, 2009.


**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**